UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-24131-BLOOM/Otazo-Reyes**

MSP RECOVERY CLAIMS SERIES 44, LLC,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Counts XI-XV of Plaintiff's Amended Complaint, ECF No. [30], filed on April 12, 2023. Plaintiff MSP Recovery Claims Series 44, LLC filed a Response in Opposition, ECF No. [33], to which Defendant filed a Reply, ECF No. [34]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

Between November 17 and November 18, 2022, Plaintiff filed at least five cases against Defendant in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On December 21, 2022, Defendant removed four cases to this Court, where they were assigned case numbers 22-cv-24131, 22-cv-24133, 22-cv-24149, 22-cv-24167, and 22-cv-24169. The Court consolidated the five cases, designating 23-cv-24131 as the lead case. *See* ECF Nos. [16], [22].

On March 29, 2023, Plaintiff filed a Consolidated Amended Complaint, ECF No. [29] ("Amended Complaint"). The Amended Complaint asserts fifteen counts, five counts of private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) to recover "an amount double the amount" that Defendant should have reimbursed Plaintiff's assignor (Counts I-V), five counts of breach of contract (Counts VI-X), and five counts seeking declaratory judgment (Counts XI-XV). *See generally id*.

On April 12, 2023, Defendant filed the instant Motion to Dismiss. ECF No. [30]. Therein, Defendant argues that Counts XI-XV of Plaintiff's Amended Complaint should be dismissed because they are duplicative of Counts I-V and Plaintiff has an adequate remedy at law. *See generally id*. Plaintiff responds that Counts XI-XV are not duplicative of Counts I-V and it is entitled to plead alternative theories of recovery. *See generally* ECF No. [33].

## II.    LEGAL STANDARD

### A.  Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at

570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Court "must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." *American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019) (citations omitted).

### III.   DISCUSSION

In Counts XI-XV of Plaintiff's Amended Complaint, Plaintiff seeks a declaration that "Defendant has a historical, present, and continuing duty to reimburse [Plaintiff]'s assignor for unreimbursed conditional payments." ECF. No. [29] ¶¶ 170, 177, 184, 191, 198. Defendant argues that these claims should be dismissed because they are duplicative of Counts I-V. ECF No. [30] at 3-5.

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. A district court's ability to grant relief under the Act is permissive, and while the Declaratory Judgment Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citation omitted). The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment[.]" *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citation omitted). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Case No. 22-cv-24131-BLOOM/Otazo-Reyes

Here, Defendant correctly points out that Counts I-V and XI-XV of the Amended Complaint are "based on the same underlying allegations, and will both be determined based on the same legal standard . . . and determination of Counts I-V will necessarily resolve the issues raised in Counts XI-XV." ECF No. [30] at 4. Plaintiff responds that "Counts I-V and XI-XV serve distinct purposes." ECF No. [33] at 4. Plaintiff argues that even if its declaratory judgment claims were cumulative, declaratory relief may still be awarded, and Counts XI-XV should not be dismissed. In support of its contention, Plaintiff cites to two cases from the Middle District of Florida. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015); and *Wichael v. Wal-Mart Stores E., LP*, No. 14-CV-579, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014). The *Blitz Telecom* court held that "declaratory relief may be awarded cumulatively to other relief which provides the same remedy." *Blitz Telecom*, 151 F. Supp.3d at 1303. The *Wichael* court stated that "motions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." *Wichael*, 2014 WL 5502442, at *2.

However, as Defendant correctly argues, courts in this district have dismissed equitable claims that rely on the same factual predicates as legal causes of action. *See Licul v. Volkswagen Group of Am., Inc.*, No. 13-CV-61686, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013) (finding that [u]njust enrichment is an equitable cause of action that is unavailable where the underlying wrongs are properly addressed by a legal remedy" and dismissing the unjust enrichment claim as duplicative); *Prolow v. Aetna Life Ins. Co.*, No. 20-CV-80545, 2021 WL 8566765, at *5-6 (S.D. Fla. Mar. 19, 2021) (dismissing equitable claim as duplicative of a count that provided the plaintiff a remedy at law "by enabling [p]laintiff to recover benefits allegedly due[.]"); *Glick v. USAA Cas. Ins. Co.*, No. 21-CV-80373, 2021 WL 7629401, at *3 (S.D. Fla. July 26, 2021) (concluding that

4

the "[p]laintiffs' cause of action for declaratory relief (Count II) must be dismissed because it is duplicative of their breach of contract claim in Count I.")

The Court follows the reasoning of other courts in this district and agrees with Defendant that Counts XI-XV serve no useful purpose because the issues raised therein will be fully resolved by Counts I-V. As such, dismissal of the duplicative declaratory judgment counts is appropriate. *See, e.g.*, *MSPA Claims 1, LLC v. Liberty Mut. Ins.*, No. 15-cv-21417-UNGARO, 2015 WL 4511284, at *3 (S.D. Fla. July 22, 2015) (dismissing a duplicative count for declaratory judgment in an MSP case).

Accordingly, the Motion is granted. Although Plaintiff requested leave to amend, the Court finds that such leave would be futile since Plaintiff already has an adequate remedy of law under Counts I-V. Therefore, the Court denies leave to amend. *See Burger King Corp. v. Weaver*, 169 F.3d 1310,  (11th Cir. 1999) ("denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (internal quotation marks and citation omitted)).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [30]**, is **GRANTED**. Counts XI-XV are **DISMISSED WITH PREJUDICE**.

2. Defendant shall file an **ANSWER** to Plaintiff's Amended Complaint **on or before May 30, 2023**.

Case No. 22-cv-24131-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 16, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record