Case No. 22-cv-24131-BLOOM/Otazo-Reyes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24131-BLOOM/Otazo-Reyes

MSP RECOVERY CLAIMS SERIES 44, LLC,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON MOTION TO STRIKE**

**THIS CAUSE** is before the Court upon Plaintiff MSP Recovery Claims, Series 44, LLC's Motion to Strike Affirmative Defenses, ECF No. [44] ("Motion"), filed on June 20, 2023. Defendant State Farm Mutual Automobile Insurance Company filed a Response, ECF No. [45], to which Plaintiff filed a Reply, ECF No. [46]. The Court has carefully considered the parties' submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

This is a dispute arising under the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395y(b). According to Plaintiff's Amended Complaint, Plaintiff has been assigned the right to recover conditional payments made by a Medicare secondary payer with respect to medical expenses incurred by Medicare beneficiaries, for which Defendant was the primary payer under the MSPA. ECF No. [29]. Plaintiff seeks to recover those conditional payments, which Defendant should have reimbursed to Plaintiff's assignor. *Id*.

1

On May 30, 2023, Defendant filed an Answer in which it asserted eleven (11) Affirmative Defenses to Plaintiff's Second Amended Complaint. ECF No. [43]. Plaintiff moves to strike six of those Affirmative Defenses. *See generally* ECF No. [44].

## II. LEGAL STANDARD

### A. *Affirmative Defenses*

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quotation marks omitted).

### B. *Motions to Strike*

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "[a] motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotation marks omitted); *see also Gen. Defense Corp. v. Restorick*, No. 08-cv-60537, 2008 WL 11417688, at *2 (S.D. Fla.

Nov. 3, 2008) ("[T]he standard for striking a defense is extremely high." (quotation marks omitted)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.").

### III. DISCUSSION

Plaintiff moves to strike Affirmative Defenses one, three, five, six, seven, and eleven. ECF No. [44].

#### A. Defense No. 1 – Failure to State a Claim

In Defense No. 1, Defendant asserts that "[t]he complaint fails to state a claim upon which relief may be granted[.]" ECF No. [43] at 27. Plaintiff argues that the defense is legally insufficient and "groups several different defense theories into one affirmative defense without specific facts to support the amalgamation of denials." ECF No. [44] at 3. Defendant responds that it "is entitled to assert the substance of this defense in its Answer under Fed. R. Civ. P. 12(b)(6), and this defense should be treated as a specific denial." ECF No. [45] at 2. "[F]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case." *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D.

3

Fla. 2007). Defense No. 1 is therefore not a proper affirmative defense, and the Court finds that it is properly treated as a denial. See *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 11197802, at *1 (S.D. Fla. Apr. 27, 2015) (collecting cases for the proposition that specific denials labeled as affirmative defenses are to be treated as denials rather than stricken); *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 319 (S.D. Fla. 2018) (same). Plaintiff asserts that "[i]f the Court finds that defendant's first affirmative defense is no more than a specific denial MSP states no further position as to the need to strike the superfluous denial." ECF No. [46] at 1. The Court treats the first affirmative defense as a mere denial asserted as Defense No. 1.

    B.  Defense No. 3

In Defense No. 3, Defendant asserts that "[i]njury, if any, allegedly suffered by Plaintiff did not result from and was not proximately caused by any wrongful conduct on the part of State Farm." ECF No. [43] at 28. Plaintiff argues that Defendant's third affirmative defense does not comply with Rule 8(a)'s pleading requirements and that "[D]efendant's third affirmative defense as stated is no more than a denial of MSP's claims." ECF No. [44] at 4-5. In response, Defendant argues that its third affirmative defense "is sufficient to put Plaintiff on notice that Defendant intends to raise issues regarding either comparative fault or superseding causes. ECF No. [45] at 5. In its Reply, Plaintiff contends that "defendant's defense doesn't provide any information as to what those comparative faults or superseding causes could be." ECF No. [46] at 3. While the Court agrees with Defendant that Rules 8(b) and (c) are applicable and affirmative defenses do not require the heightened pleading standard set out in Rule 8(a), the Court agrees with Plaintiff that the affirmative defense "is pleaded as a bare-bones legal conclusion . . . without sufficient facts to put Defendant[] on notice as to the nature of the affirmative defense[.]"*See Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017). Because Plaintiff states that

"defendant's third affirmative defense as stated is no more than a denial of MSP's claims" and Defendant argues that "should the Court decide that this is not an affirmative defense the proper remedy is not to strike it, but to instead label it as a specific denial" the Court does precisely that. *See* ECF Nos. [44] at 5, [45] at 5. The Court finds that Defense No. 3 is a specific denial and declines to strike it.

### C. Defense No. 5 – Exhaustion of Benefits

In Defense No. 5, Defendant asserts that Plaintiff's claims are barred "to the extent that the Medicare Beneficiary's benefits under the insurance policy were exhausted at the time Plaintiff's assignor allegedly made payment of the bills for which Plaintiff seeks reimbursement." ECF No. [43] at 29. Plaintiff argues that this defense "is insufficient as to Medicare beneficiaries P.W., P.H., M.H., and J. Bro. because defendant has already produced documents to MSP relating to each of those beneficiaries which demonstrate that their respective insurance policies with State Farm have not been fully exhausted." ECF No. [44] at 4. In response, Defendant convincingly argues that this Defense is properly pled because it "puts into issue relevant and substantial legal and factual questions to be raised at trial" where Plaintiff's Amended Complaint does not specify when Plaintiff's assignor made claims for payment against Defendant. ECF No. [45] at 3. Regardless of what has been produced in discovery already, this Defense raises a relevant factual dispute and will not be stricken.

### D. Defense Nos. 6 & 7

In Defense No. 6, Defendant asserts that its "actions were both reasonable and in compliance with the applicable laws, rules, and regulations." ECF No. [43] at 29. In Defense No. 7, Defendant asserts that "Plaintiff's claims are barred to the extent that the claimed expenses were not reasonable, necessary and related to treatment of injuries caused by an accident covered by the

applicable contract of insurance. For such claims, State Farm is not a primary payer under the [MSPA]." ECF No. [43] at 29.

Plaintiff argues that Defendant's sixth and seventh affirmative defenses do not comply with Rule 8(a)'s pleading requirements and do not include sufficient facts to put Plaintiff on notice of the affirmative defenses. ECF No. [44] at 4. In response, Defendant correctly argues that Rule 8(a)'s pleading standard does not apply, and that a lower pleading standard is required for affirmative defenses which is one of "'fair notice' of the nature of the defense and the grounds on which it rests." ECF No. [45] at 4.

Even applying the appropriate pleading standard, Defenses No. 7 and 8 fail to provide Plaintiff fair notice. As Plaintiff correctly points out "both affirmative defenses fail to identify which specific laws, rules, regulations (sixth affirmative defense) or applicable contract provision (seventh affirmative defense) that render defendant's actions reasonable or bar MSP's recovery." ECF No. [44] at 6. The Court agrees with Plaintiff that the sixth and seventh affirmative defenses should be stricken.

### E. Defense No. 11 – Reservation of Rights

In Defense No. 11, Defendant asserts: "State Farm expressly reserves the right to amend this Answer to assert such other additional defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise." ECF No. [43] at 33. Plaintiff argues that the eleventh affirmative defense is essentially a clause reserving rights which courts in this district have found to be impermissible. ECF No. [44] at 6. Defendant responds that the reservation of rights does not warrant striking because it is not prejudicial to Plaintiff and does not bestow any additional right upon Defendant.

"The decision whether to allow amendment other than as of right rests within the Court's

discretion. A 'reservation of rights within an answer is essentially meaningless' and 'does not prejudice [a party] in any way or somehow confer a right to amend ... without the Court's approval.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (internal citations omitted) (denying motion to strike reservation of right to amend or assert additional affirmative defenses). Consistent with *Northrop & Johnson Holding Co.*, this Court has routinely denied striking defendants' reservation of right to assert additional affirmative defenses. See, e.g., *Jones v. Kohl's Dep't Stores, Inc.*, 15-CIV-61626, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015) (denying motion to strike reservation of right to assert additional affirmative defenses, but noting that the Court "does not condone the Defendant's attempt to reserve the right to assert additional defenses in the future"); *Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-CV-62224, 2016 WL 8793334, at *4 (S.D. Fla. May 11, 2016) (same); *United States Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *5 (S.D. Fla. May 17, 2016) (same). Accordingly, the Court declines to strike the Eleventh Affirmative Defense.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [45]**, is **GRANTED IN PART AND DENIED IN PART**. Affirmative Defenses No. 6 and 7 are **STRICKEN**.

Case No. 22-cv-24131-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 10, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record